

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 27, 1958

Honorable Hubert W. Green, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio 5, Texas

Opinion No. WW-406

Re: Authority of County Auditor
to pay $1,443.09 for addi-
tional work arising from
unexpected difficulties
under a contract and $1,238.22
for extra work not included
under the contract; applica-
tion of Article 1659 and
Article 2368a to Bexar County.

Dear Mr. Green:

Your request for an opinion of this office has been
received. The following facts are quoted from your letter:

"One County Commissioner sought to have two
parking areas in his county park resurfaced with
asphalt and certain curbing and sidewalks installed.
The project was properly advertised and bids were
received on a unit-price contract basis. The total
cost of the project advertised, based upon the
approximate number of units required was in the
total amount of $7,939.20. The price per unit was
accepted and became the basis of the contract
entered into.

"When the bill was presented upon completion
of the work, it was in the amount of $10,621.51 and
was accompanied by a letter from the Commissioner
for whom the work was done which read, in part, as
follows:

"'During the process of the paving, (the
County Engineer's office) discovered the necessity
for increasing the thickness of the asphalt to be
used as a new surface. In addition, I instructed
the contractor to pave about two thousand square
feet that was not included in the original con-
tract.'"

The questions you submit are as follows:

"1.  May the County Auditor lawfully pay an additional $1,443.09 on a unit-price contract of $7,939.20 because of unforeseen and unexpected difficulties not reasonably anticipated when the contract was made?

"2.  May the County Auditor lawfully pay an additional $1,238.22 which was not in contemplation originally but was for material actually furnished and work actually done in addition to and not included in, but, in connection with, a unit-price contract for $7,939.20?

"3.  Do the provisions of Article 1659, Vernon's Texas Statutes, requiring the purchase of supplies and material by lowest and best bid, control in Bexar County rather than the provisions of Article 2368a, Section 2a, due to the fact that the population of Bexar County exceeds 350,000 according to the 1950 census?"

Consideration of your third question will facilitate the answers to questions one and two.

Section 2 of Article 2368a of Vernon's Annotated Texas Civil Statutes reads in part as follows:

" . . . Provided, however, that the provisions of this Act shall not apply to counties having a population of more than three hundred fifty thousand (350,000) inhabitants according to the last preceding or any future Federal Census."

Article 1659, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. . . . " (Emphasis ours).

Since Article 2368a applies only to counties having a population of 350,000, or less, and since Bexar County has more than 350,000 inhabitants, it is clear that Article 2368a does not apply to your situation.  We are of the further

opinion that Article 1659, Vernon's Annotated Texas Civil Statutes, does not apply for the reason that the terms "supplies" and "materials" do not encompass the paving services involved in your request. These terms have been defined in Patton v. Concho County, 196 S.W.2d 833 (Tex.Civ. App. 1946), wherein the Court referred to the definition set out in Century Indemnity Co. of Chicago, Ill. v. Shunk Mfg. Co., 253 Ky. 50, 68 S.W.2d 772 (1934), "materials" is there defined as " . . . something that becomes a part of the finished structure; something that goes into and forms a part of the finished structure."

The word "supplies" is there defined as " . . . articles furnished for carrying on work which, from its nature, are necessarily consumed by the use in the work." We do not think the paving contract comes under the definition of either supplies or materials. It follows that competitive bids are not required under the terms of Article 1659, Vernon's Annotated Texas Civil Statutes.

Accordingly, it is our opinion that under the facts neither Article 1659, Vernon's Annotated Texas Civil Statutes, nor Article 2368a, Vernon's Annotated Texas Civil Statutes, required competitive bidding in this case.

Because of the similarity of questions one and two stated above, we will answer them together.

Section 53 of Article III of the Constitution of Texas reads as follows:

"The legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law." (Emphasis added).

This provision of the Constitution of Texas precludes the grant of any extra compensation, over and above the contract price, to a contractor after the contract has been performed in whole or in part. Shelby County v. Gibson, 44 S.W. 302 (Civ.App. 1898, error ref.).

In Dallas County v. Lively, 106 Tex. 364, 167 S.W. 219 (1914) at page 220, we find:

" . . . The Constitution does not forbid the
fixing of compensation after service rendered, but
forbids increasing the agreed or prescribed sum
after service rendered or work performed.  . . . "

The $1,443.09 item referred to in your first ques-
tion is claimed for labor and materials used or expended by
the contractor in increasing the thickness of the asphalt
paving of the area covered by the contract.  This expenditure
for the additional thickness was over and above the terms of
the contract between the Commissioners' Court and the contrac-
tor, and the sum claimed for this additional thickness, there-
fore, does not constitute "extra compensation" for the services
rendered under the contract within the meaning of the above
quoted constitutional provision.  The $1,238.22 item mentioned
in your second question is clearly in addition to and over and
above the original contract, and its payment would not consti-
tute "extra compensation" under the terms of the above quoted
constitutional provision.  The only question involved with
regard to these two items is the binding effect of the authori-
zation to the contractor upon the Commissioners' Court.  That
is to say, are the directions given to the contractor by the
County Engineer and by one County Commissioner binding on the
Commissioners' Court in this instance?  In 11B Texas Jurispru-
dence, Counties, Section 137, page 206, it is stated:

"A contract which the commissioners court is
shown to have had authority to make may be binding
by virtue of subsequent acts of the court; . . . "
Boydstun v. Rockwall County, 86 Tex. 234, 24 S.W.
272 (1893); Galveston County v. Gresham, 220 S.W.
560 (Civ.App. 1920, error ref.).

As we have stated, competitive bidding was not
required in a contract of this type by the Commissioners'
Court of Bexar County under either Article 2368a or Article
1659, Vernon's Annotated Texas Civil Statutes.  Therefore,
the Commissioners' Court had the power and authority to con-
tract for the extra work which was performed by the contractor.
Having such authority, the Commissioners' Court could ratify
unauthorized agreements made on its behalf for such paving.
We, therefore, answer your questions one and two in the
affirmative.

## SUMMARY

Neither Article 2368a nor Article 1659,
Vernon's Annotated Texas Civil Statutes,
applies to a contract by the Commissioners'
Court of Bexar County with a contractor
for the paving of certain areas in a county

park. Article 2368a does not apply because Bexar County, having more than 350,000 inhabitants, is excluded therefrom. Since, in our opinion, the paving contract does not constitute either "supplies" or "materials", Article 1659 does not apply. Payment for paving done over and above that required and called for in the contract would not constitute "extra compensation" within the prohibition of Section 53, Article III of the Texas Constitution. Since the Commissioners' Court had authority to contract for the extra paving work which was done it may, by subsequent action, ratify the acts of the County Engineer and County Commissioner in directing additional paving work to be done.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:wb:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Mark McLaughlin

J. Milton Richardson

John H. Minton

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert